UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHEL RIDGELY, )  |  |
|     Plaintiff ) | |
| ) | Civil Action 5-1033 (GK) |
| v. ) | |
| ) | |
| ELAINE CHAO ) | |
|     Defendant ) | |

**DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8, 10,12 (b)(3) and 12(b)(6) defendant moves to dismiss the captioned complaint or in the alternative defendant moves for a more definite statement.

Plaintiff Michel Ridgely, by his retained counsel, filed the captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §633(a). Complaint ¶3.

**Venue**

The venue rules for a Title VII action are set forth in 42 U.S.C. § 2000e-5(f)(3) which provides, in pertinent part:

> Such an action may be brought in any judicial district in the States in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Archuleta v. Sullivan*, 725 F.Supp. 602, 603 -604 (D.D.C.,1989). Plaintiff's complaint does not

allege any basis for venue for this matter in the District of Columbia.  His only allegations which might pertain to venue are that he is presently employed in the Arlington Virginia Office of the Mine Safety and Health Administration and that the defendant's national headquarters is located in Washington, D.C.  Complaint at ¶¶4,5.  Such allegations are insufficient to establish venue in this district.  Therefore, plaintiff's complaint as to any claim of violation of Title VII should be dismissed.

**Failure to State a Claim**

Federal Rule of Civil Procedure 10(b) provides :

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Federal Rules of Civil Procedure Rule 10.  This complaint fails to allege any circumstances or any facts in support of any claim of discrimination or reprisal.   It does not describe any transactions or occurrences.  Under the section entitled "Claims" the complaint  merely states that plaintiff filed EEO complaints, and that "The claims are set forth in the documents filed therein and a report of investigation." Complaint ¶¶7,8.   It also states "By operation of law, all discriminatory conduct experienced by the Plaintiff after the filing of the 1st EEO complaint is included in this lawsuit.  These acts are set forth in the documentary evidence submitted in support of [two EEO] claims. . . .They include a harassment claim (sexual and non-sexual) relating back to July 2000." Complaint ¶9.

On its face, the complaint fails to state a claim for which relief may be granted. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true*, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996); *Kowal v. MCI Communication Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Applying these standards demonstrates that Plaintiffs' Complaint should be dismissed. Plaintiff's allegations are so lacking in specificity that it is not possible to determine whether the Court can grant relief for the matters as to which he is complaining.

**Rule 8**

Under the Federal Rules, the principal function of the complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. See Fed. R. Civ. P. 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in federal court contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a). "The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califfano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice and Procedure p. 8.13; 5 Wright & Miller, Federal Practice and Procedure, §1217). "Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds. " *Brown,* 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Rule 8(e) states that "[e]ach averment of a pleading shall be simple, concise, and direct" and further instructs courts to construe "all pleadings ... to do substantial justice." Fed. R. Civ. P. 8(e)-(f). See *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000) (Plaintiff need not plead a prima facie case but under Rule 8, he is required to give the defendants fair notice of each claim and its basis.) (citations omitted).

  Rule 8(a) requires Plaintiff to plead a short and plain statement of his claim. To allow Plaintiff to merely state "The claims are set forth in the documents filed [in EEO complaints] and a report of investigation" would contravene the very premise and purpose of the Rule. This is tantamount to plaintiff filing a box of documents and saying go through them and try to figure out what I'm claiming when answering the complaint. The complaint itself is completely lacking in any factual allegations concerning acts of discrimination or retaliation.

  From the complaint, Defendant cannot identify the alleged acts Plaintiff in this law suit is contending were discriminatory, the venue in which the acts occurred, when the alleged acts occurred and who perpetrated the alleged offenses. *See, e.g.* Rule 9(f) ("For the purpose of testing

the sufficiency of a pleading, averments of time and place are material and shall be considered like all averments of material matter.").

Under Rule 8, neither defendant, nor the Court, should be forced to decipher what claims are asserted, nor should defendant risk waiving defenses if it cannot properly guess which claims plaintiff intends to pursue. Accordingly, Defendant respectfully requests that the complaint be dismissed for failure to comply with Rule 8.

**More Definite Statement**

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As written, Plaintiff's complaint fails to meet minimal pleading requirements, leaving Defendant unable to respond to his alleged claims.

Plaintiff's failure to allege specific acts impedes defendant in making a complete venue defense. If the alleged acts of Title VII discrimination occurred in Virginia where plaintiff worked and records pertaining to the acts are maintained there, then venue lies in Virginia. More importantly, defendant is unable answer the complaint so as to define the true issues without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims.

Should the Court not dismiss the complaint, defendant requests that Plaintiff be required to file a short and plain statement of his complaint, which provides the following:

(1) What specific wrongful act or acts does Plaintiff allege were discriminatory or retaliatory?

(2) On what basis (e.g., age, race or sex) was each act allegedly discriminatory?
(3) Who committed each of the allegedly wrongful acts?
(4) When and where did the allegedly wrongful acts occur?

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the complaint. Should the Court not dismiss the complaint Defendant requests that the Court order Plaintiff to set forth a more definite statement of his claims pursuant to Fed. R. Civ. P. Rule 12(e).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

OF COUNSEL:
GWEN ANDERSON
Office of General Counsel
Department of Labor