## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MICHEL RIDGELY**
**16920 Mattawoman Lane**
**Waldorf MD 20601**
     Plaintiff

**v.**                                AMENDED COMPLAINT
                                          JURY TRIAL DEMAND

**ELAINE CHAO,** Secretary         CASE No.1:05CV01033
U.S. Department of Labor     JUDGE: Gladys Kessler
     Defendant

Pursuant to leave granted by an order of this Court dated September 7,2005, Plaintiff submits this amended complaint.

### NATURE OF THE CASE

**1.** This is an action brought by an employee, Michel Ridgely, against his present employer, the United States Department of Labor on the grounds that he was subjected to discrimination on the basis of his race, age, gender and reprisal for protected EEO activity.

**2.** By this action, Plaintiff seeks monetary relief in the form of lost wages, consequential and compensatory damages and attorney's fees.

### JURISDICTION

**3.** Jurisdiction is conferred upon this Court under Title 7 of the 1964 Civil Rights Act through the 1972 amendments, 42 USC 2000 e - 16(a) and the Age Discrimination

in Employment Act, 29 USC 623(a).

**4.** All necessary conditions precedent to the filing of this action have been met by the Plaintiff in that he administratively filed two EEO complaints which are the basis for the lawsuit. One complaint was filed in July of 2000 and a final decision has not been issued. The second complaint was dismissed without an investigation by the Defendant. The dismissal was received by Plaintiff on February 24, 2005.

**VENUE**

**5.** The action is properly brought in this court. Plaintiff filed a union grievance over matters related to the discriminatory conduct alleged in the complaint. The records related to the grievances are maintained and administered in Washington DC. Management officials of the defendant ordered an investigation of the discriminatory conduct alleged in the complaint to be performed by the Human Resources Department. The records related to this conduct are maintained and administered in Washington DC. Plaintiff sought EEO counseling and subsequently filed a formal EEO complaint directly related to the discriminatory conduct alleged in this action. The records related to this conduct are maintained and administered at the civil rights

- 2 -

office of the Defendant in Washington DC.

## PARTIES

**6.** Plaintiff is a natural person (white male, age 54 years) who has been employee of the Defendant for over 30 years. He is presently employed by the Defendant as a GS12/4 Civil Penalty Compliance Specialist in the Defendant's Mine Safety and Health Administration, Arlington Virginia Office.

**7.** Defendant is an agency of the United States government. The national headquarters is located in Washington DC.

## CLAIMS

**8.** In July of 2000, Plaintiff administratively filed an EEO complaint eventually designated by the Defendant as CRC 00 11 152. The claims are set forth in the documents filed therein and a report of investigation (ROI) was mailed to the Plaintiff on or about April 17, 2003. Prior to filing here, this claim was still pending before the Defendant's civil rights office in a status called supplemental investigation. The ROI verifies discrimination on the basis of race, gender and age.

- 3 -

**9.** On or about May 29, 2003 Plaintiff administratively filed another EEO complaint eventually designated by the

Defendant as CRC 03 11 111. The claims are set forth in the documents filed therein. The papers submitted verify discrimination on the basis of race, gender, age and retaliation for the previous EEO filing. This claim was dismissed by the Defendant in a letter dated February 23, 2005.

10. **CRC 00 11 152**. The discriminatory conduct related to this claim occurred at the office of Defendant's Mine Safety and Health Administration (MSHA) located in Arlington Virginia. Prior to Melissa Stoehr ( black female ) becoming the Plaintiff's immediate supervisor in September of 1997, management had initiated the process of promoting him to at least the GS13 level. Ms. Stoehr hindered the Plaintiff's promotion in favor of individuals who were younger, black and less qualified then the Plaintiff. In January 1999 Plaintiff received a promotion to a supervisory position. In late June 2000, Plaintiff became aware that Ms. Stoehr was reassigning his supervisory duties to a younger black male who was less qualified. There was no legitimate business reason for the demotion.

11. **CRC 03 11 111**. The discriminatory conduct related to the claim occurred at the office of MSHA located in

- 4 -

Arlington Virginia. On or about July 30, 2000, Plaintiff took a position at the Office of Assessments with O' Keitha Douglas ( black female ) as his immediate supervisor. Ms. Douglas

immediately began a continuous pattern of harassment from July of 2000 until March 2002. The indignities included being physically slapped in the face, rubbing the Plaintiff in the crotch area and offensive verbal comments which were sexual in nature. During the months of October 2001 through March 2002, a fact filing investigation was conducted by the Defendant's Office of Employee and Labor Relations to assess the merits of Plaintiff's allegations. As a result of the investigation, Ms. Douglas was transferred to another program area. Plaintiff had several other remedies he was seeking, including but not limited to compensatory damages, as a result of his allegations and the investigation's finding. These remedies were never implemented. On or about March 3, 2003, after failing to receive a requested promotion, Plaintiff spoke with Joseph Stormer who said that an offer of settlement for relief he was seeking was withdrawn because Plaintiff had an EEO case pending (CRC 00 11 152). There was no legitimate because reason for the retaliation.

WHEREFORE, Plaintiff respectfully requests that this

- 5 -

Court:

1. Find that the Defendant discriminated against the Plaintiff as stated above.

2. Award Plaintiff damages for loss of salary (front and

back pay) and other benefits. Such damages exceed $100,000; the precise amount to be determined at the requested trial by jury.

**3.** Award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional distress that he has experienced as a result of the discriminatory conduct. Such damages exceed $100,000; the precise amount to be determined at the requested trial by jury.

**5.** Award Plaintiff pre-judgment and post-judgment interest on all damages, to the maximum extent allowed by law.

**6.** Award Plaintiff reasonable costs and attorney's fees.

**7.** Award Plaintiff punitive damages for all willful acts of discrimination.

**8.** Such other and further relief as the case may require.

- 6 -

MICHEL RIDGELY
By Counsel

_____
Stephen Scavuzzo (318279)
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

This 22nd day of September, 2005

– 7 –