IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHEL RIDGELY** | ) | |
|     Plaintiff | ) | |
| | ) | |
| **v.** | ) | Civil Action 05-1033 (GK) |
| | ) | |
| **ELAINE CHAO,** | ) | |
|     Defendant | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff, through counsel, and states as follows:

**I.**

It is inappropriate to dismiss the case at this juncture because these are a substantial number of material facts in dispute and discovery is required to reach an informed decision about whether the case should go to trial.

Defendant's motion again makes an issue over venue, but it should be clear that a federal government employees' official personnel file (OPF) does not contain papers related to pending EEO cases. If that is not clear, the case must go forward in this court because Plaintiff can establish in discovery that all EEO records are located in

Case 1:05-cv-01033-GK   Document 11   Filed 01/04/2006   Page 2 of 11

in Washington DC. To maintain that an OPF and its papers related to notification of personnel action (SF50's) constitutes an EEO record is a frivolous argument.

The adverse personnel action involved in 00 11 152 occurred in June 2000 when the Plaintiff became aware that his supervisory duties were being removed by Melissa Stoehr. The evidence will show that at this point in time, the Plaintiff went from a supervisor to an employee with very little to do. The government's argument that this is not an adverse personnel action is a stretch of the imagination. The Plaintiff's promotion potential was eliminated and he had to obtain another position as a result.

Defendant's motion misstates the nature and scope of the retaliation claim set forth in 03 11 111. For an extended period of time, Plaintiff was involved in negotiations with management over a promotion and other remedies he was seeking as a result of the conduct by O'Keitha Douglas which was the subject of an internal investigation noted on page 5 of the amended complaint. On or about March 3, 2003, Joseph Stormer informed the Plaintiff that management would no longer negotiate with him due to his EEO and union activity. This is a textbook case of retaliation because the EEO filing is obviously protected

activity but also because the union grievance involved claims of discrimination.

Additional documentary evidence is attached to this response as an appendix. It is cited by the designation App p \_\_\_\_\_ .

## II

Venue is proper in the District of Columbia because all the records relating to the discriminatory conduct are located in the civil rights office of the Defendant in Washington DC. The official personnel file of the Plaintiff contains no records related to the discriminatory conduct. See App page 1 paragraph 2 and 3. Annabelle Lockhart, EEO director, can verify these contentions.

Over the past 40 years, the concept of venue in Title 7 cases has been expanded to include the district in which records related to the discriminatory conduct are kept. Although it is true that venue also exists where the conduct occurs, because all records investigating the discriminatory action are kept at the Defendant's headquarters; venue exists here and the Plaintiff's forum choice shall control.

The original Civil Rights Act of 1964 did not contain

the present venue provision. Venue existed only where the discrimination occurred or the defendant had its principal place of business. See 1964 U.S. Code Cong. and Adm. News p 2405. The 1972 Amendments kept the former two venues and added another which allowed a suit in the district where a plaintiff might have worked in a non selection case. See 1972 U.S. Code Cong. and Adm. News p 2163. It was not until the 1991 Amendments that venue was permitted in the district containing the discriminatory documentation.

Defendant's motion misstates the role of its civil rights office. Discovery will establish that the role of the civil rights office is not merely "administrative processing" but a far more substantial one where all documentation related to an allegation of discrimination is generated, evaluated and kept. If corrective action is required, that action, along with the records, are maintained and administered by the civil rights office in DC.

Defendant's own papers corroborate this. The filing show that the civil rights office conducted the investigation of witnesses by phone. Discovery will establish that the civil rights office conducting the investigation was located in Washington DC and that if

documentation was requested it was sent to DC. The civil rights office then prepares an investigation file which is kept in Washington.

At the very least, there is a material fact in dispute about venue which needs to developed in discovery and a ruling at this time is premature. Furthermore, under 28 USC 1406(a) a transfer rather than dismissal would be the appropriate remedy because the Defendant can be served in the Eastern District of Virginia and the suit cannot be timely refiled. BURNETT v NEW YORK CENT R CO 380 US 424, 430 n. 7 (1965).

It should also be noted that in the presence of a finding of improper venue, the Court need not reach the other issues. They are however, addressed below because venue exists in this district.

### III

The events related to the discriminating conduct at issue in 00 11 152 are set forth on page 9 of the amended complaint. The events prior to June 2000 are included as background information. Plaintiff is entitled to discuss these events, even at trial, because they strengthen the proof of the discriminatory event which was timely filed

when his supervisory duties were removed. When his material responsibilities were significantly diminished the final nail in the coffin of the Plaintiff's promotional abilities was driven and resulted in the EEO filing.

Although there appears to be a split in the federal courts on the issue, the DC Circuit has adopted an expansive view over what constitutes an adverse employment action. See PASSER v AMERICAN CHEMICAL 935 F. 2d 322, 330-331 (D.C.Cir. 1991). What transpired in this case clearly meets the test Plaintiff has several witnesses ( Frankie Sanks, Keith Pendergast, Randy Watkins ) who will testify that his duties were actually removed. See App p 3 paragraph 7.

Plaintiff's allegation of discrimination in 00 11 152 are further noted in his documentation ( See App. p 2 paragraph 4 and App pages 5,6,7 and 8). Plaintiff has a witness (Don Hinderliter) who will testify that he was promised a promotion to a GS12 in July of 1999. See App p 3 paragraph 7.

### IV

The retaliation claim (03 11 111) was never investigated by the civil rights office for essentially the

same reasons the government advances in its motion. See App p 15. The matter is entitled to be investigated through discovery because it states a valid cause of action and was never fully remedied.

The Department of Labor has never gotten the point to this claim which is of retaliation. As a result of the egregious conduct of O'Keitha Douglas which was the subject of complaints from several employees, including the Plaintiff, the Office of Employee and Labor Relations conducted an independent investigation noted on page 5 of the amended complaint. The investigation generated a report which verified the Plaintiff's allegations. This is permissible background information. As a result, Plaintiff was seeking a retroactive promotion to July 1999 along with compensatory damages. (See App. p 14). In addition, Plaintiff had union grievance involving similar issues which included discrimination claims ( See App 9-11). Plaintiff was in the process of resolving the retroactive promotion to 7/99 and his compensatory damage claim when the negotiations unlawfully ended on or about March 3, 2003 as a result of Plaintiff's engaging in protected activity. Plaintiff is entitled to the retroactive promotion to 7/99 and compensatory damages he should have received but for the

Defendant's retaliation.

The prohibition against retaliation does not merely protect activity aimed at setting in motion the Title 7 machinery. An employee is engaged in protected activity if he has opposed any practice made unlawful by Title 7. Therefore, if a grievance involves matters covered by Title 7, retaliation for filing the grievance is within the EEO complaint perview RICE v HHS 01830492 1211/E4(1984), FOREST v FDIC 02920021 3476/G5 (1992), HODGES - JENKINS v NASA 01970354 (1997).

Plaintiff's allegation of discrimination in 03 11 111 are further noted in his declaration and supportive documentation ( See App p 2-3, paragraphs 5 and 6 and App 12-13). Plaintiff has several witness ( Keith Watson, Myra James, Carolyn James ) who will testify that management refused to negotiate his retroactive promotion because he was engaged in protected activity (See App p3, paragraph 7).

V.

In light of the foregoing, the Defendant's motion should be dismissed. In the alternative, it should be held in abeyance until discovery has been completed.

MICHEL RIDGELY
By Counsel

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHEL RIDGELY )
    Plaintiff )
  )
v. ) Civil Action 05-1033 (GK)
  )
ELAINE CHAO, )
    Defendant )

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff made initial contact with an EEO counselor on or about June 1, 2000 in CRC 00 11 152.

2. Plaintiff made initial contact with an EEO counselor on or about March 31, 2003 in CRC 03 11 111.

MICHEL RIDGELY

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

Court 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHEL RIDGELY              )
     Plaintiff              )
                            )
v.                          )      Civil Action 05-1033 (GK)
                            )
ELAINE CHAO,                )
     Defendant              )

**STATEMENT OF ISSUES REQUIRING LITIGATION/ DISPUTED MATERIAL FACTS**

**1.** Whether the records to the discriminatory conduct relevant to the case are maintained and administered at the civil rights office of the Defendant in Washington DC.

**2.** Whether Melissa Stoehr failed to submit the paperwork necessary to implement the promotion to a GS12 which had been promised to the Plaintiff after he completed the probationary period in July of 1999 and whether she removed his supervisory duties in June 2000.

**3.** Whether Agency management withdrew from settlement negotiations in which Plaintiff was seeking a retroactive promotion back to July 1999 along with compensatory damages because Plaintiff had EEO cases and union grievances pending.

MICHEL RIDGELY

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770