UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHEL RIDGELY,                )
     Plaintiff           )
                    )   Civil Action 5-1033 (GK)
v.                              )
                    )
ELAINE CHAO                     )
     Defendant           )

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this reply to Plaintiff's Response to Defendant's Motion

to Dismiss or in the alternative for Summary Judgment ("Response").

**Exhaustion of Administrative Remedies/Election of Grievance Remedy**

Plaintiff does not deny that he failed to exhaust his administrative remedies for the claim

that Ms. Stoehr "hindered his promotion" and the claim that Ms. Douglass harassed him.  He

also does not deny that he is precluded from bringing any claim concerning Ms. Douglass's

actions because he elected the remedy of proceeding through the negotiated grievance process

rather that through the EEO complaint process.  Therefore those claims should be dismissed.

**The material facts submitted by defendant should be deemed admitted.**

Local Rule 7(h) provides:

Each motion for summary judgment shall be accompanied by a statement of
material facts as to which the moving party contends there is no genuine issue,
which shall include references to the parts of the record relied on to support the
statement.  **An opposition to such a motion shall be accompanied by a
separate concise statement of genuine issues setting forth all material facts as
to which it is contended there exists a genuine issue necessary to be litigated,
which shall include references to the parts of the record relied on to support
the statement.  Each such motion and opposition must also contain or be
accompanied by a memorandum of points and authorities required by
sections (a) and (b) of this Rule.**  In determining a motion for summary
judgment, the court may assume that facts identified by the moving party in its

statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(Emphasis added).    "If the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should instead . . . deem as admitted the moving party's Rule [7(h)] statement." *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Plaintiff, through counsel,  has filed a document which purports to be a statement of issues requiring litigation/disputed material facts.  However, he has failed to identify which particular facts, if any,  in defendant's statement of material facts he disputes.   Also plaintiff's statement of disputed material issues fails to include any references to any parts of the record relied upon to support the statement of purportedly disputed material facts.

Therefore, defendant's statement of material facts should be deemed admitted.

**Summary Judgment should be granted in defendant's favor.**

In *Celotex*, the Supreme Court explained that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  When the moving party meets this initial obligation, the nonmoving party may not rest on mere allegations, but "must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

The Supreme Court has also stated that some weighing of the evidence is appropriate at the summary judgment stage.  Specifically, the Court noted that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a

2

need for trial.'" *Id.* (quoting Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for

a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. 242 , 249-

50 (citations omitted).  The party opposing summary judgment "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Assessing the evidence at this stage of the proceedings yields the inescapable conclusion

that there is a total absence of evidence, aside from Plaintiff's mere allegations, to support

Plaintiff's argument that he was the subject of discrimination, or reprisal.

**Plaintiff has failed to make out a prima facie case of discrimination concerning alleged removal of supervisory duties**

Plaintiff alleged in his complaint that

In late June 2000, plaintiff became aware that Ms. Stoher was reassigning his supervisory duties to a younger black male who was less qualified.  There was no legitimate business reason for the demotion.

Amended Complaint at ¶ 10.  Plaintiff does not dispute that the individual he is referring to is

Mr. Brinkley.    He also does not dispute any of the facts concerning Mr. Brinkley. *See*

Defendant's Statement of Material Facts at ¶¶6-11 and Motion at pp. 9-13.  That is, in sum, that

Mr. Brinkley was laterally transferred to a GS-13 position in which he became plaintiff's

supervisor.  Plaintiff also does not dispute that he failed to show that the alleged unfavorable

action gives rise to an inference of discrimination since he and Mr. Brinkley were not similarly

situated.  See defendant's Motion at pp. 11-13.

Additionally, that Ms. Stoehr failed to make plaintiff a GS-12 in a non-competitive

manner gives no rise to any inference of discrimination.  Plaintiff has failed to show that he was

eligible to receive a GS 12. *See* defendant's undisputed Statement of Material Facts at ¶¶ 1-5.

He also has failed to show that there was a open GS 12 vacancy. *See  Milliner v. D.C.*, 932 F.

Supp. 345, 351 (D.D.C 1996)("plaintiff has not even shown that she suffered an adverse

employment action, since no position had been created into which plaintiff could have been

promoted, and Holifield (and ADASA) had no power to create a Grade 7 position without

approval from the Office of Personnel.")[1]  He has not even alleged that any exception to merit

promotion was applicable.  Thus, even if his former supervisor had promised him a higher grade,

Ms. Stoehr was not required to carry out an act contrary to statute.  *OPM v. Richmond*, 496 U.S.

414 (1990) (despite erroneous information provided by federal employee causing financial harm

to person relying on information, government not required to act contrary to statute).

Plaintiff also has submitted no facts to show that any of his supervisory responsibilities

were removed from him. His affidavit, states only that certain individuals "can verify my

allegation that my supervisory duties were removed and given to Charles Brinkley."  Plaintiff's

Affidavit at ¶7.    However, plaintiff does not offer affidavits from those individuals, and he does

not specify any supervisory duties which allegedly were removed.  He has submitted only his

conclusory statements.  This is insufficient to overcome the motion for summary judgment.

Mere conclusory allegations are not enough to survive a motion for summary judgment.

*Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993); *Rowland v. Riley*, 5 F. Supp.2d 1, 3 (D.D.C.

1998); *Benn v. Unisys Corp.*, 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely

---

[1]  "An agency may make promotions… only to positions for which the agency has adopted and is administering a program designed to ensure a systematic means of selection for promotion according to merit," i.e. the agency's Merit Promotion Plan.  5 C.F.R. § 335.103(c). Personnel regulations require that an agency's competitive procedures and promotion plan be applied if an employee moves to a position with more promotion potential than a position previously held.  5 C.F.R. § 335.103 (c)(1)(iv).

recites conclusory allegations will not defeat summary judgment.  *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").  Therefore, the claim should be dismissed.

**Classification promotion**

Plaintiff correctly states in his response that defendant misapprehended his claim in paragraph 11 of his complaint[2] pertaining to the retaliation claim set forth in 03-11 111.  Response at p.2 .  He states that his complaint is not about the matter which the agency remedied (that his promotion to GS 12 was pulled back).  See Defendant's Motion at pp 16-17.   Rather, he states that his claim in the Amended Complaint is that "Joseph Stormer informed the plaintiff that management would no longer negotiate with him due to his EEO and union activity."  Response at p.2.

Conceding that plaintiff probably best knows what he is attempting to allege in his complaint, plaintiff has failed to exhaust his administrative remedies as to such a claim.

The D.C. Circuit has held that the "administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrowing the issues for prompt adjudication and decision.'" *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995), *citing, Laffey v. Northwest Airlines, Inc*., 567 F.2d 429, 472 (D.C. Cir. 1976).  Moreover, the D.C. Circuit admonished in *Park* that "the requirement of some specificity in a charge is not

---

[2]  The Amended Complaint stated "On or about March 3, 2003, after failing to receive a requested promotion, Plaintiff spoke with Joseph Stormer who said that an offer of settlement for relief he was seeking was withdrawn because Plaintiff had an EEO case pending (CRR 00 11 152)."  Complaint at ¶11.

a 'mere technicality'" and a "Court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process." *Park*, 71 F.3d 904 at 907, *citing Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992).   In *Park*, the D.C. Circuit found that where the particulars of a charge are not provided, a plaintiff cannot be said to have exhausted her administrative remedies.

In *Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13 (D.D.C. 2002), plaintiff filed an EEO complaint challenging two suspensions imposed on him, alleging disparate and discriminatory treatment.  He then brought suit in Court asserting claims relating to the suspensions, but also adding a claim of discriminatory termination.  The Court dismissed the termination claim on the ground that it failed to meet the exhaustion requirement because his EEO complaint "was silent with respect to any allegation that the plaintiff was discharged." *Id*. at 18, *citing, Johnson v. Quin River Agency for Cmty. Action, Inc.*, 140 F. Supp. 2d 657, 663 (E.D.Va. 2001.) Similarly, in *Kidane v. Northwest Airlines, Inc.*, 41 F. Supp. 2d 12, 16 (D.D.C. 1999), this Court found that general allegations in an EEO complaint alleging harassment and discriminatory behavior were not sufficient to encompass a discriminatory demotion or discharge claim, finding that the "goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship," *citing Park, supra*, 71 F.3d at 908.

On July 30, 2000, plaintiff was competitively selected for a position in the Office of Assessments.  SMF at ¶5.  It was a career ladder position with promotion potential to a GS 12 level.  Hackney Dec at ¶6.

Pursuant to a settlement agreement, a desk audit was conducted on June 13, 2002, and the classification specialist concluded  that plaintiff was not currently performing at the GS 12 level. G-4 at pp 2-6.   The position classification was amended on July 3, 2002 to a determination that plaintiff was working at a GS-12 level.  G-4 at p.1.

In September 2002 the union filed a grievance alleging plaintiff had not been promoted as required by the settlement agreement.  G-5-84.  The remedy sought was "promotion as of the date of audit determination with backpay plus interest and any and all remedies deemed appropriate."  *Id.*  In October 2002, The remedy sought was denied.  G-5-83.  The Director of Assessments indicated that plaintiff would not be promoted to a GS-12 until he improved without supervision.  *Id.*

In February 2003, his supervisor, Myra James, advised plaintiff that he had demonstrated he could perform the duties of a GS-12 and that his promotion would be effective the next pay period.  James Affidavit. '111 at F-5 at p1–2.

On April 8, 2003 plaintiff filed an informal complaint stating:

On March 3, 2003 . . . I contacted . . . Mr. Joe Stormer. . .to ascertain the reason for failing to process the promotion as promised.  Mr. Stormer informed me that **the promotion had been "pulled back** because I filed an EEO complaint and a grievance."

 B-2-2.

In plaintiff's formal EEO complaint he states

**The pulling back of the promotion** that prompted my filing the informal complaint (IM03-11-110) is only the most recent act of reprisal in a long line of acts of reprisal by the agency.

'111 Excerpt at p. A3.

By letter dated July 9, 2003, plaintiff was advised that the claim accepted for

investigation was

> Whether the Mine Safety and Health Administration discriminated against you on the bases of race (unspecified), age (unspecified), sex(male) and/or reprisal . . .**when management allegedly "pull[ed] back" a performance-based promotion** due to a pending EEO complaint and a grievance.

'111 C-1 at p 1. Plaintiff was directed to respond within 10 calendar days if he disagreed with the description of the claim. *Id*. No response disagreeing with the description is reflected in the ROI.

By letter dated May 14, 2004, plaintiff provided rebuttal comments concerning the Investigative Report sent to him. '111 F-100, p1. Plaintiff described his claim as follows: " . . . I believed the (latest) act of reprisal (**the pulling back of the performance based promotion**) was just that, the most recent act of reprisal in a long succession of acts. . . ." F-100, page 2. Plaintiff again described his claim as pertaining to Stormer telling plaintiff **"we pulled your promotion back** because you have grievances pending." *Id.* at p.2. Thus, plaintiff did not contend in his administrative EEO complaint that his complaint of retaliation/discrimination pertained to Mr. Stormer telling him on March 3, 2003 that the agency would no longer negotiate with him.

In *Marshall v. Federal Express*, 130 F.3d 1095 (D.C. Cir. 1997), plaintiff filed a complaint with the EEOC alleging discriminatory denial of an opportunity to apply for a particular position, and then filed suit in federal court claiming discriminatory denial as well as unlawful termination. The D.C. Circuit dismissed plaintiff's wrongful termination claim on the basis that plaintiff's charge "made no mention of her termination," finding that "[a] vague or circumscribed charge will not satisfy the exhaustion requirement for claims it does not fairly embrace" and "[a]llowing a complaint to encompass allegations outside the ambit of the

8

predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Id.* at 1098, *citing, Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

None of plaintiff's administrative filings put defendant or the EEO on notice that his claim of discrimination/retaliation was a failure to *negotiate*. Indeed, the agency remedied the claim actually articulated by plaintiff– the pull back of plaintiff's promotion. See Defendant's Motion at pp 16-17. As in *Marshall, supra* and *Mianegaz, supra*, where an EEOC complaint made no mention of a particular claim or action, such complaint would deprive the charged party of notice of the particular claim, and thus, would not be considered sufficient to result in the exhaustion of administrative remedies. That is what has occurred here. Plaintiff never mentioned a claim that on or about March 3, 2003 Joseph Stormer said that the defendant was refusing to negotiate with him. Therefore the claim in plaintiff's complaint should be dismissed.

**Plaintiff's Rule 56(f) motion should be denied**

Plaintiff has requested that defendant's summary judgment motion be denied or in the alternative that the case be continued to allow further discovery.

Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:

(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The movant must show a good reason to be granted relief. *See Donofrio v. Camp*, 470 F.2d 428, 431 (D.C. Cir 1972)("The judge may also deny summary judgment where the adverse

party shows the necessary facts exist but for some good reason he can not produce them on the

motion.")   The court in *Dyson v. Winfield*, 113 F.Supp.2d 35, 42-43 (D.D.C.2000) further

explained:

> Rule 56(f) recognizes the essentiality of discovery in defending a summary
> judgment motion.   It "allows a summary judgment motion to be denied, or the
> hearing on the motion to be continued, if the nonmoving party has not had an
> opportunity to make full discovery." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326,
> 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The thrust of the provision is to prevent a
> party from being "railroaded" by "premature motions." *Id.* The provision is not
> intended, however, as a way for the nonmovant to stave off summary judgment
> by returning to the wishing well of discovery. Thus, extending discovery under
> 56(f) is inappropriate when a party has had ample time for discovery or when it
> has failed to immediately bring the discovery problem to the court. *See Crawford
> v. Signet Bank,* 179 F.3d 926 (D.C.Cir.1999); *Willoughby v. Potomac Elec. Power
> Co.,* 100 F.3d 999, 1003 (D.C.Cir.1996).

In addition, the movant under Rule 56(f) must present an affidavit showing good cause for the

relief requested.   *See e.g. Gualandi v. Adams*, 385 F.3d 236, 244 -245 (2d Cir. 2004):

> To request discovery under Rule 56(f), a party must file an affidavit describing:
> (1) what facts are sought and how they are to be obtained; (2) how these facts are
> reasonably expected to raise a genuine issue of material fact; (3) what efforts the
> affiant has made to obtain them; and (4) why the affiant's efforts were
> unsuccessful. *See Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy,* 891
> F.2d 414, 422 (2d Cir.1989). If the district court denies the party's request--even
> implicitly--we review that decision  under an abuse of discretion standard. *See
> Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 167-68 (2d Cir.2003);
> *First City, Texas-Houston, N.A. v. Rafidain Bank,* 150 F.3d 172, 175 (2d
> Cir.1998) .

      Plaintiff has failed to file an affidavit explaining why further discovery is needed.    His

Response only identifies the following need for discovery:

*   *Plaintiff can establish in discovery that all EEO records are located in Washington, D.C.*

    Response at p. 1-2 , 4-5. This is not pertinent to the summary judgment motion.    As

    discussed above, if true it does not place venue for the Title VII claims in the District of

Columbia.

- *"The retaliation claim (03 11 111) was never investigated by the civil rights office for essentially the same reasons the government advances in its motion. . . .  The matter is entitled to be investigated through discovery because it states a valid cause of action and was never fully remedied." Id*. at 6-7.  As is discussed above, plaintiff did not raise in his EEO complaint any claim of retaliation due to failure to negotiate.  Therefore, it should be dismissed, and no discovery is required.

In his affidavit plaintiff states that he has several witnesses who can verify his allegations "that Richard Rose promised me a promotion to a GS 12" , "that my supervisory duties were removed and given to Charles Brinkley" and "that management blocked my promotion because I had EEO cases and union grievances pending."  Affidavit at p. 3.  Plaintiff has not explained why he has not submitted affidavits from these individuals or what efforts he has made to obtain them.  He also has not described what **facts** are sought from these individuals and how they might be expected to raise a genuine issue of material fact.

For example, Plaintiff did not exhaust his administrative remedies concerning  Ms Stoehr not promoting him to a GS-12; thus, testimony about Richard Rose's promise is not relevant to any claim.  Additionally, as discussed above, Richard Rose's promising plaintiff a non-competitive promotion -- which plaintiff was not entitled to by statute -- does not raise any inference of discrimination on the part of Ms. Stoehr.

Plaintiff has not described any factual information, rather than conclusory statements, any witness would offer concerning the alleged removal of supervisory duties.  Moreover,

11

plaintiff should have the most knowledge about this alleged deprivation.  However his affidavit offers no facts concerning what supervisory duties-- e.g. signing leave slips, doing performance evaluations – were taken from him.  Nor does he proffer any reason for not including such information in his affidavit.

Finally, plaintiff has alleged in his response that his claim of retaliation was not the blocking or pull back of his promotion but the failure to negotiate.  Therefore, any witness testimony concerning the blocking of his promotion is not relevant to any material matter.

**Venue**

Plaintiff contends that there is a material factual dispute about venue.  See Response at p.5.  However, there is no factual dispute.  Defendant does not dispute that the EEO investigation was conducted out of the Civil Rights Office in Washington D.C. and that the Civil Rights Office maintains its investigative records there.  What is in dispute is the legal impact of that on venue in this matter.   Plaintiff has cited no case law for his bald assertion that the Civil Rights Office's investigation of his complaint in the District of Columbia is sufficient to confer venue in this District.  His assertion is contrary to *Saran v. Harvey,* 2005 WL 1106347, *3 (D.D.C.2005) and the other cases cited in defendant's motion at pp. 2-4.  Thus, venue for the Title VII claims is improper in this District.

However, even though venue for the Title VII claims is improper, the Court has discretion to dismiss rather than transferring the case.   Title 28 U.S.C. §1406 provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the instant matter, it is not in the interest of justice to transfer the case. Plaintiff has not exhausted his retaliation claim for failure to negotiate; he has submitted no facts in his affidavit to support his claim of removal of supervisory responsibilities, and he has not put into dispute any of the defendant's material facts. See *Simpkins v. District of Columbia Government*, 108 F.3d 366, 370 (D.C. Cir. 1997):

> With the outcome not in doubt, it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406, or to dismiss it and allow the plaintiff to refile elsewhere. That would have kept the case alive only until the next court looked it over and found it wanting.

**Conclusion**

Therefore, plaintiff's complaint should be dismissed.

Respectfully submitted,

KENNETH L. WAINSTEIN D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

RHONDA C. FIELDS
Assistant United States Attorney
555 4th St., N.W..
Washington, D.C. 20530
202/514-6970

.