IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHEL RIDGELY** )<br>    Plaintiff )<br> )<br>**v.** )<br> )<br>**ELAINE CHAO,** )<br>    Defendant ) | Civil Action 05-1033 (GK) |

## PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTIONS FOR DISMISSAL

Comes now Plaintiff, through counsel, and submits the following papers opposing Defendants request that the case be dismissed.

In support of the opposition, Plaintiff submits a statement of issues, points and authorities with an appendix and a proposed order.

MICHAEL RIDGELY
By Counsel

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHEL RIDGELY | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action 05-1033 (GK) |
| | ) | |
| ELAINE CHAO, | ) | |
|     Defendant | ) | |

**SUPPLEMENTAL STATEMENT OF ISSUES REQUIRING LITIGATION/
DISPUTED MATERIAL FACTS**

I.

1. Whether the employment records of the discriminatory conduct relevant to the case are maintained and administered at the civil rights office of the Defendant in Washington DC. The record citations in support of this issue are set forth in sections II. of Plaintiff's previously filed response and are incorporated by reference.

2. Whether Melissa Stoehr failed to submit the paperwork necessary to implement the promotion to a GS12 which had been promised to the Plaintiff after he completed the probationary period in July of 1999 and whether she removed his supervisory duties in June 2000. The record

citations in support of this issue are set forth in section III of Plaintiff's previously filed response and are incorporated by reference.

    **3.**    Whether Agency management withdrew from settlement negotiations and/or pulled back a promotion in which Plaintiff was seeking a retroactive grade increase beginning in July 1999 along with compensatory damages because Plaintiff had EEO cases and union grievances pending. The record citations is support of this issue are set forth in section IV of Plaintiff's previously filed response and are incorporated by reference.

**II.**

    The following numbered paragraphs correspond to Defendant's numbering of its material facts. References designated as App.p. _____ are to Plaintiff's appendix which is numbered in the lower right hand corner.

#1.  ADMITTED

#2.  ADMITTED

#3.  ADMITTED

#4.  Plaintiff ADMITS that this "promotion" was at the same

- 2 -

grade level (GS11) as his printing specialist position. Plaintiff further ADMITS that under merit staffing he was eligible for a promotion to a higher grade level. See Hackney declaration paragraph 5 and App.p.1

#5.  ADMITTED

#6.  ADMITTED. In further answer, Plaintiff states the proposed removal of his supervisory duties as reflected by exhibit 15 was in fact implemented as the witnesses will testify. Plaintiff's supervisory duties were delegated to a younger black male who was less qualified.

#7.  ADMITTED. In further answer, Plaintiff maintains that Mr. Brinkley's lateral transfer did not mandate the removal of Plaintiff's supervisory duties.

#8.  Plaintiff ADMITS that this section of the position description is quoted correctly.

#9.  ADMITTED

#10. Plaintiff ADMITS that this section of the position description is quoted correctly.

#11. Plaintiff ADMITS that this section of the position description is quoted correctly.

#12. ADMITTED. In further answer, Plaintiff notes that the promotion that was "pulled back" was supposed to be retroactive until 7/99 not 6/02.


MICHAEL RIDGELY
By Counsel


_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MICHEL RIDGELY**     )
    Plaintiff        )
                     )
**v.**                 )     Civil Action 05-1033 (GK)
                     )
**ELAINE CHAO,**       )
    Defendant        )

**POINTS AND AUTHORITIES IN SUPPLEMENTAL OPPOSITION TO
DEFENDANT'S REQUEST FOR DISMISSAL**

Pursuant to leave granted on January 17, 2006, Plaintiff, through counsel states as follows:

**I.**

Plaintiff has submitted a supplemental statement of issues and admissions/ denials to technically comply with local rule 7(h). However, it is Plaintiff's position that 7(h) does not apply. Defendant's motion is really a motion to dismiss, not summary judgment and the distinction is more than just a matter of semantics. Summary judgment implies that discovery has been completed and ALL the relevant facts are before the Court. In a case such as this one where no

administrative record was ever developed at the EEOC or MSPB, the Court should not make that assumption. The completion of discovery places rule 7(h) obligations on Plaintiff's counsel because the rule assumes that no further information is necessary to decide the case. Here, discovery has not yet started much less finished. To accept the motion that discovery is unnecessary in this case is to deny Plaintiff the right to de novo review under 5 USC 7703.

One example of the impropriety of summary judgment is the Defendant's position with respect to venue. Defendant cites the SARAN case which does not apply because SARAN involved a filing at the EEOC.(Plaintiff has never alleged that records of the EEOC create venue, but rather the employment records of its Defendant create venue because they are maintained and administered in DC) Defendant then denies there is a factual dispute and refuses to allow Plaintiff the opportunity to submit evidence that records relating to the discriminatory conduct are maintained and administered in the District of Columbia. To rule on the matter now, prior to discovery, would create a precedent that the Defendant's choice of venue controls, not the Plaintiff's.

**II.**

Another example of Defendant's misapplication of summary judgment is the position it is taking with respect to Plaintiff's witnesses pertaining to the removal of his supervisory duties. In support of its motion to dismiss filed on 12/16/05, Defendant filed an attachment designated as document 9-5. Page 44 of 73 of document 9-5 contains the names of the witnesses Plaintiff noted in his declarations as individuals who could testify that his supervisory duties were actually removed, with the exemption of Diane Dize who died after this case was filed. The civil rights office of the Defendant had this information and failed to interview these witnesses. At this point, the most effective way to submit this evidence to the Court is for Plaintiff's counsel to depose these individuals. To rule on the matter now, prior to discovery, would reward the Defendant for its lack of investigation.

**III.**

Defendant's interpretation of the administrative charge requirement is not a correct statement of the law. The

- 3 -

Agency has an affirmative allegation to assist a Complainant in articulating his or her claims. In Re USPS 05870283, 1752/D3 (1987). The relevant EEOC management directive (MD-110) was amended in 1999 to define a claim as (1) a factual statement of the challenged employment practice and (2) a statement of the legal basis.

It should be beyond dispute that the legal basis for 03 11 111 is retaliation, so the only possible controversy is over what claim(s) arise from the Complainant's factual statement. Complainant's factual statement states a claim due to (i) the "pulling back" of his promotion and other requested remedies to "make my career whole" AND/OR (ii) the "failure to negotiate" a settlement which would "make my career whole". These are simply two ways of expressing the same retaliation claim.

(i) Complaint's factual statement in support of "pulling back the promotion" was submitted to the Agency and counseling was requested with the 45 day period. It was not "cured" because Complainant's factual statement expressly states that a promotion back to June 2002 along with no other relief would not "make my career whole". Left

- 4 -

unresolved were the Complainant's entitlement to a promotion back to 7/99 and compensatory damages. Resolution of these two issues would be necessary to "make my career whole". See Defendant's document 9-4 pages 3-5 of 21.

(ii) Complainant's factual statement is support of these claims also states a "failure to negotiate". In support of its reply brief Defendant filed an attachment designated as document 18-2. Page 7 of 40 of document 18-2 states as follows:

"I immediately went down to Mr. Stormer's office. Once inside his office and behind a closed door, Mr. Stormer asked me what it would take to get me to settle my cases".

Plaintiff told Stormer that "I want my career to be made whole". Stormer felt that "my demands were unreasonable", and told me to "go home and sleep on it".

If the above factual statement does not describe a negotiation, then a negotiation cannot be described by the use of the English language. Mr. Stormer ended these discussions due to Plaintiff's protected activity and created the retaliation claim.

**IV**

In light of the foregoing, Defendant's motion should be denied

MICHAEL RIDGELY
By Counsel

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHEL RIDGELY** )<br>    Plaintiff )<br> )<br>**v.** )<br> )<br>**ELAINE CHAO,** )<br>    Defendant ) | Civil Action 05-1033 (GK) |

### ORDER

**UPON CONSIDERATION** of Defendant's motion, the Plaintiff's responses thereto, any replies, and the record herein, it is this _____ day of _____, 2006 hereby.

ORDERED that Defendant's Motion shall be, and hereby is DENIED.

_____
UNITED STATES DISTRICT JUDGE