UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**MICHEL RIDGELY,**                 :
                                    :
        **Plaintiff,**    :
                                    :    Civil Action
   **v.**                          :    No. 05-1033 (GK)
                                    :
**ELAINE CHAO,**                    :
                                    :
        **Defendant,**    :
_____ :

## MEMORANDUM OPINION

Plaintiff, Michel Ridgely, brings this suit alleging employment discrimination based on race, age, and gender and reprisal for protected Equal Employment Opportunity ("EEO") activity, against Elaine Chao, Secretary of the Department of Labor. This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative For Summary Judgment, [**#9**]. Upon consideration of the Motion, Opposition, Reply, Surreply and the entire record herein, and for the reasons stated below, Defendant's Motion is **granted.**

**I.  BACKGROUND**[1]

Plaintiff has been continuously employed by Defendant's Mine Safety and Health Administration in Arlington, Virginia, for the entire time period relevant to his claims.  Compl. ¶¶ 9-11.

---

[1] The facts will be discussed only insofar as necessary to decide this Motion.

Plaintiff alleges that he was discriminated against and sexually harassed during the course of his employment in violation of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. (1964) ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 (1998).  Compl. ¶¶ 3, 10-11.  Specifically, Plaintiff alleges that he was impermissibly passed over for a promotion in favor of a younger person of a different race, and that he was sexually harassed by a superior.

In its Motion, Defendant asserts four theories for dismissal of this case: first, that venue in the District of Columbia is improper; second, that Plaintiff's claims were not timely brought at the administrative level; third, that Plaintiff elected the union grievance procedure as to his harassment claim, thus precluding litigation in this Court; and fourth, that Plaintiff has failed to state a claim upon which relief can be granted because he has not alleged any adverse employment action, or in the alternative, because any adverse action was corrected.  As the Court finds that venue is improper in the District of Columbia, Defendant's remaining arguments need not be addressed.

**II. STANDARD OF REVIEW**

When reviewing a motion for improper venue the court accepts "the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F. Supp. 2d 274,

276 (D.D.C. 2002).  However, the Court does not have to accept the plaintiff's legal conclusions as true.  <u>Id.</u> at 277.  To overcome the presumption in favor of the plaintiff, a defendant must present facts sufficient to defeat the plaintiff's venue assertions.  <u>2215 Fifth St. Assoc. v.  U-Haul Int'l</u>, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

A court may consider materials outside the pleadings to resolve a motion to dismiss based on improper venue.  <u>Artis v. Greenspan</u>, 223 F.Supp.2d 149, 152 (D.D.C. 2002); <u>see</u> <u>Land v. Dollar</u>, 330 U.S. 731, 735 n.4 (1947) (holding that a "court may inquire, by affidavits or otherwise, into the facts as they exist" to resolve questions of jurisdiction).

**III. ANALYSIS**

**A. Venue Under Title VII**

Defendant argues that venue is improper in the District of Columbia and as such this Court does not have jurisdiction to hear Plaintiff's claims.  Def.'s Mot. at 2-4.

A plaintiff may bring a Title VII action in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Both Plaintiff and Defendant agree that the alleged unlawful employment actions occurred in Arlington, Virginia. Plaintiff asserts, however, that venue is proper in the District of Columbia, in accordance with 42 U.S.C. § 2000e-5(f)(3)(2), because the relevant employment records are located in Washington, D.C., in "the civil rights office of the Department of Labor." Pl.'s Opp'n at 3. The only evidence in the record relating to the civil rights office shows that that office handled the receipt and processing of Plaintiff's EEO claims. See Pl.'s Opp'n, App. at 15; Def.'s Reply, Exs. C, F.

The law is clearly established that the maintenance and administration of such EEO records does not establish proper venue under 42 U.S.C § 2000e-5(f)(3). See Saran v. Harvey, 2005 WL 1106347, *3 (D.D.C. 2005) (finding venue improper because employment records located in a district for processing of an EEO claim "are not considered 'maintained and administered' [there] for purposes of determining proper venue"); Lee v. England, 2004 WL 764441, *1 (D.D.C. 2004) (finding that the location of records relating to the administrative processing of the Plaintiff's suit does not constitute "maintenance and administration of employment records relevant to the challenged employment practice" necessary for proper venue); see also Robinson v. Potter, 2005 WL 1151429, *5 (D.D.C. 2005) (finding venue improper because the location of Plaintiff's injury compensation files was insufficient to

constitute maintenance of the relevant employment records for purposes of venue when Defendant produced an affidavit that supervisory records were maintained elsewhere).

Moreover, the fact that some records are available in the District of Columbia does not establish that Plaintiff's relevant employment records are maintained and administered here. See Washington v. General Elec. Corp., 686 F.Supp. 361, 363 (D.D.C. 1988) (holding that venue based on records only lies where the master set of employment records is maintained and administered, not anywhere records can be found). Thus, Plaintiff's argument that the location of his EEO records should allow for venue in Washington, D.C. is without merit.

Because Plaintiff's claims derive from issues surrounding his job performance and promotions and alleged harassment that occurred in Arlington, Virginia, the relevant employment records for purposes of venue are those contained in his personnel file. Defendant asserts that Plaintiff's personnel file is maintained in Arlington, Virginia. In support of this assertion, Defendant submitted the sworn affidavit of Angelica Hackney, the Human Resources Officer for the Mine Safety and Health Administration, and the Official Records Custodian for the National Office Mine Safety and Health Administration. Def.'s Mot., Ex. 2. This affidavit defeats Plaintiff's contrary assertion that the relevant employment records are maintained in Washington, D.C.. See James v. Booz-Allen & Hamilton, 227 F. Supp. 2d 16, 23 (D.D.C. 2002)

(crediting defendant's affidavit stating where plaintiff's personnel records were located and maintained over plaintiff's bare assertions to the contrary).

Plaintiff has not sufficiently established that he meets any of the venue conditions stated in 42 U.S.C § 2000e-5(f)(3), and therefore venue is improper in the District of Columbia for his Title VII claims. Because Arlington, Virginia is where all of the alleged employment actions occurred and where the relevant employment records are maintained, venue for Plaintiff's Title VII claims is proper in the Eastern District of Virginia. To hold otherwise would undercut the clear "intent of Congress to limit venue to the judicial district concerned with the alleged discrimination . . . ." Stebbins v. State Farm Mutual Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969).

Federal Rule of Civil Procedure 12(b)(3) requires a court to dismiss or transfer a case if venue is improper in the plaintiff's chosen forum. Plaintiff requested that if venue was found improper in the District of Columbia, his claim be transferred to the Eastern District of Virginia rather than dismissed because his suit cannot be timely refiled. See Pl.'s Opp'n at 5. Generally, the interests of justice favor transfer over dismissal, especially where dismissal would prejudice the plaintiff. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (noting that transfer is generally preferred over dismissal). Accordingly, Plaintiff's

Title VII claims will be transferred to the United States District Court for the Eastern District of Virginia.

### B. Venue Under the ADEA

The ADEA contains no independent venue provision. Thus the general venue statute allows for ADEA claims to be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (1998).

Although venue for Plaintiff's age discrimination claims may be proper in the District of Columbia because the Department of Labor is headquartered there, see 28 U.S.C. § 1391(b), courts have the discretion, in the interest of justice, to transfer a case to any judicial district where the claim could have originally been brought. 28 U.S.C. § 1406(a); Goldlawr, 369 U.S. at 466.

Because venue in the District of Columbia is improper for Plaintiff's Title VII claims, it is in the interest of justice and judicial efficiency to transfer Plaintiff's entire Complaint to the Eastern District of Virginia, rather than have his claims separately considered in different venues. Crenshaw v. Antokol, 287 F. Supp. 2d 37, 42-43 (D.D.C. 2003).

**III. CONCLUSION**

Accordingly, for the foregoing reasons, Defendant's Motion is **granted** and this case will be transferred to the United States District Court for the Eastern District of Virginia.

March 13, 2006

/s/
Gladys Kessler
United States District Judge

**Copies To:** Attorneys of Record via ECF